### E. L. DIMMICK, Appellant, v. C. W. BABCOCK.

**Practice.** It is not error to disallow a question calculated to lay a foundation for impeachment, where the witness does not deny making the statements, included in the question. [1]

SAME: INSTRUCTIONS MUST BE ASKED. Conflicting testimony not reviewed on appeal. [2,3]

*Appeal from Carroll District Court.*—HON. C. D. GOLDSMITH, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION at law to recover an amount alleged to be due the plaintiff for services rendered the defendant in purchasing and selling land. There was a trial by jury, and a verdict for the defendant. The plaintiff appeals.—*Affirmed.*

*J. P. Conner* for appellant.

*F. M. Powers* for appellee.

ROBINSON, J.—In July, 1891, the defendant, with the aid of the plaintiff, purchased a half section of land in Nebraska for the sum of one thousand seven hundred and sixty dollars. In February, 1892, the land thus obtained was exchanged at the agreed price of four thousand eight hundred dollars, in part pay-

ment for land in this state. The plaintiff was, at the time of these transactions, engaged in the real estate business, and he claims that the defendant agreed with him that, if he would obtain the Nebraska land for the price stated, he should have one half of the profit at which it should be sold. He alleges that he is entitled to one half the price at which the land was exchanged in excess of that paid for it, and asks judgment for that amount. The defendant admits an agreement with the plaintiff to pay him one half the profit at which the land should be sold, but insists that the right to such share was on condition that the land should be sold within six months from the time of purchase. The sale was not made within that time, and the defendant denies that the plaintiff is entitled to any share of the profits realized from the sale. The judgment was for the defendant for costs.

I. The land was sold to one Shaffenberg. At the time the sale was made, the defendant went with Shaffenberg to Hartington, Nebraska, where the plaintiff resided, and the latter took them out to examine the land. After leaving it, on their return to Hartington, the agreement for the purchase of the land was made. The plaintiff claims that it was not made until after he had talked with Shaffenberg alone, and advised the purchase. That is denied by Shaffenberg. He was then asked if he had not stated to plaintiff, at a time and place specified, that the plaintiff had influenced him to make the trade. An objection to the question was sustained. No prejudice resulted from that and similar rulings. The questions objected to were designed to lay the foundation for impeaching the witness, but he did not deny having made the statements included in the question, and admitted that he was influenced in making the purchase by what the plaintiff said. Therefore, there was no ground for impeachment.

II. It is claimed that, by arrangement between the plaintiff and defendant, the relation of principal and agent, which existed between them, was not to be disclosed to Shaffenberg. The appellant contends that the court erred in not permitting him to answer the question: "What is the fact about Mr. Babcock requesting you to avoid letting Shaffenberg know anything about it?" The record, however, shows that the plaintiff answered that question and a similar one fully.

III. A letter written by the plaintiff to the defendant in July, 1891, informed the latter that his offer for the land had been accepted, and a deed ordered, and contained the following: "You will please sign the agreement regarding division of the profit, over and above the amount of the purchasing money, viz.; one thousand seven hundred and sixty dollars." The plaintiff was asked what he referred to in the portion of the letter quoted, but an objection to this question was sustained, and of that ruling he complains. We think it was not erroneous. It is not claimed that any agreement in regard to a division of the profits was ever signed, and the plaintiff testified fully as to his understanding of the oral agreement. So far as the record gives any information on the subject, what the plaintiff referred to in the part of the letter in question was wholly immaterial.

IV. The appellant complains because the court refused to give certain instructions asked. In this there was no error. So far as they were correct, they were embodied in the charge given.

Complaint is also made of the failure of the court to instruct the jury that the burden was on the defendant to show that the agreement in question contained a limitation of six months as claimed by him. It is sufficient to say that no instruction to that effect was asked.

V. It is contended that the verdict is not sustained by the evidence. There was much conflict in the evidence, and it was the province of the jury to determine the facts established. While it is true they might have reached a different conclusion, we think their verdict has ample support in the evidence. We discover no reason for disturbing the judgment of the district court, and it is AFFIRMED.